**Don A. GRANTHAM, as Temporary Administrator of the Estate of Franklin H. Holstedt, Appellant,**

v.

**COLUMBIA, NEWBERRY AND LAURENS RAILROAD COMPANY, Appellee.**

**No. 15120.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 2, 1971.

Decided Feb. 24, 1971.

———◆———

Sol Blatt, Jr., Barnwell, S.C. (John A. Martin, Winnsboro, S. C., on brief) for appellant.

H. Simons Tate, Jr., Columbia, S.C. (John H. Lumpkin, Jr., and Boyd, Bruton, Knowlton, Tate & Finlay, Columbia, S. C., on brief) for appellee.

Before HAYNSWORTH, Chief Judge and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

This railroad crossing case was brought in the diversity jurisdiction by a nonresident representative of a South Carolina decedent against a South Carolina corporation. Discovery was complete and the case ready for trial before our decision in Lester v. McFaddon, 4 Cir., 415 F.2d 1101, was announced on September 15, 1969.

This case proceeded to trial on the merits in February 1970. No one questioned the jurisdiction of the court. Counsel appear to have been in ignorance of Lester v. McFaddon, and this is not surprising in view of the inevitable delay in the appearance of the Federal Reporter advance sheets. Thereafter this appeal was taken, and the merits were fully briefed without reference to the jurisdictional problem. Only during the oral argument did the question come up for the first time.

Counsel for the plaintiff informs us that the appointment of the foreign representative was procured solely for the purpose of creating diversity of citizenship. The action would have been dismissible under our holding in Lester v. McFaddon. But we gave that decision a prospective operation only, exempting cases then pending "if dismissal would impose an undue burden in requiring the relitigation of issues already fully litigated." 415 F.2d 1101, 1106.

We think this case falls within the exemption. It has been fully tried on the merits in the District Court, and the issues on appeal have been fully briefed and argued here. The trial was had before our decision in *Lester* could have become widely known, and everyone appears to have proceeded in good faith. Dismissal would only cause the relitigation of fully litigated issues.

On the merits, we think the District Court properly directed a verdict for the railroad.

Affirmed.